# STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

# Dennis SHEGRUD, Defendant-Appellant.

Supreme Court

*No. 84–2222–CR. Argued April 30, 1986.—Decided June 24, 1986*

(Also reported in 389 N.W.2d 7.)

For the plaintiff-respondent-petitioner the cause was argued by *David J. Becker,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-appellant there was a brief and oral argument by *Jack E. Schairer,* assistant state public defender.

WILLIAM G. CALLOW, J.   The state seeks review of an unpublished decision of the court of appeals which reversed an order of the circuit court for Milwaukee county, Judge Gary A. Gerlach, denying Dennis Shegrud's postconviction motion to withdraw his

plea and vacate his conviction. In light of our decision in *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and our analysis of the facts of this case, we reverse the court of appeals' decision and hold that Shegrud entered his plea knowingly and voluntarily.

In September 1982, Shegrud was charged with armed robbery, contrary to sec. 943.32(1)(b) and (2), Stats. At his arraignment he entered a plea of not guilty. He subsequently changed his plea to not guilty and not guilty by reason of mental disease or defect.

Pursuant to sec. 971.16(1) and (2), Stats., the court committed the defendant to the Winnebago Mental Health Institute for examination. Based upon a report received from Dr. Kurt Hoehne of Winnebago, the court found Shegrud incompetent to stand trial and suspended the proceedings. Several months later, however, after Dr. Hoehne reexamined Shegrud and prepared another report indicating that Shegrud was competent to stand trial, the case was scheduled for trial.

At the beginning of the trial, Shegrud's counsel informed the court that Shegrud wished to stipulate to the facts in the complaint and waive the first phase of the trial. In essence, Shegrud wished to withdraw his plea of not guilty, while preserving his plea of not guilty by reason of mental disease or defect. By retaining only his plea of not guilty by reason of mental disease or defect, Shegrud effectively was admitting, as a matter of law, that but for lack of mental capacity he committed all the essential elements of the offense charged. *See* sec. 971.06(1)(d), Stats.[1]

---

[1] Section 971.06(1)(d), Stats., provides:

"**Pleas.** (1) A defendant charged with a criminal offense may plead as follows:

". . . .

Even though sec. 971.08, Stats., requires that a court personally address a defendant to determine whether a defendant is entering a plea voluntarily with an understanding of the nature of the charge only for guilty pleas and no contest pleas, the court conducted such an inquiry with Shegrud. During a long colloquy with Shegrud, the court had the complaint read to Shegrud and then discussed with Shegrud the nature of the crime with which he was charged and the nature of the constitutional rights which he was waiving. The court then accepted as knowing and voluntary Shegrud's decision to refrain from contesting the facts and to waive the first phase of the trial.

Because Shegrud waived the jury, the second phase of the trial, focusing on whether Shegrud was not guilty by reason of mental disease or defect, was tried to the court. After hearing Shegrud's testimony and the testimony of two doctors, the court concluded that Shegrud had failed to satisfy his burden of proving that he was not guilty by reason of mental disease or defect. Accordingly, the court found Shegrud guilty of armed robbery in violation of sec. 943.32(1)(b) and (2), Stats. The court sentenced Shegrud to an indeterminate term of ten years.

Shegrud brought a postconviction motion asserting several grounds in support of his request that his conviction be vacated. The court denied the motion, rejecting each of Shegrud's arguments.

(d) Not guilty by reason of mental disease or defect. This plea may be joined with a plea of not guilty. If it is not so joined, the plea admits that but for lack of mental capacity the defendant committed all the essential elements of the offense charged in the indictment, information or complaint."

Shegrud appealed to the court of appeals from the order denying postconviction relief. The court of appeals, rejecting all but one of Shegrud's arguments, concluded that the court's discussion with Shegrud regarding the nature of the charge did not meet the constitutional due process standards elucidated in *State v. Cecchini*, 124 Wis. 2d 200, 368 N.W.2d 830 (1985). Accordingly, the court of appeals held that Shegrud must be permitted to withdraw his plea and plead anew.

The state filed a petition for review. We granted the petition to consider this case in conjunction with *State v. Bangert, supra, and State v. Carter*, 131 Wis. 2d 69, 389 N.W.2d 1 (1986).

■

A plea of not guilty by reason of mental disease or defect closely parallels a plea of no contest. A defendant making a plea of not guilty by reason of mental disease or defects admits, as a matter of law, that but for lack of mental capacity he or she committed all the essential elements of the offense charged. *See* sec. 971.06(1)(d), Stats. As with a plea of no contest, a defendant entering a plea of not guilty by reason of mental disease or defect waives several constitutional rights. The due process clause of the U. S. Constitution requires a defendant's waiver of constitutional rights be knowing and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969). As we note in *State v. Bangert, supra*, however, the Constitution does not require that the court personally inquire into the defendant's understanding of the nature of the charge. 131 Wis. 2d at 259–261.

■

Nevertheless, under sec. 971.08(1), Stats., the legislature requires that prior to accepting a plea of guilty

or no contest, a court must address the defendant personally and determine that the defendant is making the plea voluntarily with an understanding of the nature of the charge and the potential punishment if convicted. On its face, sec. 971.08(1) does not apply to defendants entering pleas of not guilty by reason of mental disease or defect. As a function of our superintending and administrative authority over the circuit courts, *see* Wis. Const. art. VII, sec. 3 , however, we hold that a court faced with a defendant entering a plea of not guilty by reason of mental disease or defect must address the defendant personally to determine whether the defendant is entering the plea voluntarily with an understanding of the nature of the charge. We further hold that the procedures delineated in *Bangert* shall apply in cases in which a defendant pleas not guilty by reason of mental disease or defect.

A court's determination that a defendant may not withdraw a plea as a matter of right because it was entered knowingly and voluntarily, in conformity with constitutional and statutory requirements, presents a question of law which an appellate court may review without deference to the circuit court. *State v. Cecchini,* 124 Wis. 2d at 206. Contrary to our statement in *Cecchini,* however, a reviewing court may look beyond the plea hearing transcript in reviewing a circuit court's determination that a defendant is not entitled to withdraw a guilty plea. *Bangert,* 131 Wis. 2d at 274.

In *State v. Minniecheske,* 127 Wis. 2d 234, 242–43, 378 N.W.2d 283 (1985) (quoting *Cecchini,* 124 Wis. 2d at 212), we stated that " 'a defendant cannot make a truly voluntary or intelligent admission that he or she committed the offense charged unless he or she is

aware of its essential elements and their relationship to the facts of the particular case.' " Accordingly, we have imposed on the courts a duty to inform a defendant of the nature of the offense with which the defendant is charged and a duty to ascertain that the defendant understands the nature of the charge and its relationship to the facts of the defendant's case. *Bangert,* 131 Wis. 2d at 267. We have acknowledged, however, that a court may satisfy these duties through a variety of methods. *Id.* at 268.

The record reveals that the following colloquy occurred at the beginning of the trial in this case:

> "MR. CIMPL: My client would like to stipulate to the facts in the complaint and wishes the first phase of the trial and get right on with the second phase of the trial. He is also willing to waive the jury. I want the record to reflect that it is my advice that he not stipulate to the facts and that he not waive the jury.
>
> "We have discussed this matter thoroughly. I'm convinced, Your Honor, he knows what he is doing. Don't get me wrong on that, but—and these are his decisions, and I suppose he's entitled to them. Is that correct, Dennis?
>
> "THE DEFENDANT: Ya.
>
> "THE COURT: All right. Mr. Shegrud, is it your wish to agree to the facts set forth in the complaint in this case as being true and correct?
>
> "THE DEFENDANT: True and correct.
>
> "THE COURT: I'm sorry. I can't hear you.
>
> "THE DEFENDANT: I wish to just go no contest on the first part.

"THE COURT: You don't contest those facts, is that right?

"THE DEFENDANT: I'm not saying they're right. I'm not saying they're wrong. I'm just saying I don't want to contest it.

". . . .

"THE COURT: And Mr. Cimpl advised you that in his opinion you should not plead no contest to these facts but—and he's also indicated you shouldn't waive the jury, but it is your desire to do so anyway, is that correct?

"THE DEFENDANT: Yes.

"THE COURT: All right. You understand a jury consists of 12 people who would decide your guilt or innocence on the facts in this case? Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: It is still your desire to waive the jury, is that right?

"THE DEFENDANT: Yes.

"THE COURT: You want the Court to decide the second and third phases of this trial, that is, whether or not you are not guilty by reason of mental disease or defect and whether or not if I determine that you are—whether or not you should be committed because of the fact that you are dangerous to yourself or others?

"THE DEFENDANT: Yes.

"THE COURT: You want the Court to decide those issues, is that right?

"THE DEFENDANT: Yes, sir."

140

After learning that Shegrud had not read the complaint, the court had Shegrud's counsel read the complaint to him. The complaint contained both a description of the charge of armed robbery and a listing of the facts which supported the charge. When Shegrud's counsel finished reading the complaint to Shegrud, the court asked Shegrud if the facts in the complaint were basically true. Shegrud responded, "I don't know." The following colloquy then occurred:

"THE COURT: But the [charge is] that you committed an armed robbery, that you took property from a person by threatening the imminent use of force with a dangerous weapon—is that basically what happened?

"THE DEFENDANT: I don't know. ·

"THE COURT: Is it you don't remember or you don't know?

"THE DEFENDANT: I don't know. I don't remember. I don't know. I have no idea.

"THE COURT: Well, is it your wish not to contest these facts?

"THE DEFENDANT: What do you mean?

"THE COURT: You indicated before you wanted to plead no contest, you didn't want to contest any of the facts.

"THE DEFENDANT: Yes.

"THE COURT: You do want to contest them?

"THE DEFENDANT: No.

"THE COURT: Or you don't want to contest them?

"THE DEFENDANT: Don't.

"THE COURT: All right.

"THE DEFENDANT: I thought that kind of a plea just meant that I'm not pleading guilty and I'm not pleading innocent. I'm not saying I'm innocent. I am not saying I am guilty. I am just saying I don't know.

"THE COURT: Well, technically, by pleading no contest, you are in effect pleading guilty. The only difference between a no contest plea and a guilty plea is that no one could claim damages against you in a civil litigation based on your pleading no contest. If someone wanted to claim money from you because of these actions, they couldn't say, 'Well, he pled guilty in a criminal trial.' It couldn't be used against you in a civil case. That's really only what the real difference between the two pleas is.

"Well, the State has the obligation to prove the charges against you beyond a reasonable doubt. You don't have to say anything. You don't have to testify or do anything. If you want that—

"THE DEFENDANT: I don't want to get confused.

"THE COURT: Well—

"THE DEFENDANT: I'm confused enough as it is. I just want—I just want to get some help. I'm not getting any help at the moment.

"THE COURT: Well no one's trying to confuse you, but I can't find you guilty of something unless you indicate that you have some knowledge of these facts and that this is basically true. Otherwise, I can't find you guilty in this first phase of this trial anyway.

"THE DEFENDANT: I can't lie. I just don't want to—I just don't want to contest it. I don't want to

142

go through a trial. I don't want—I don't feel up to it.

"THE COURT: Well, are you feeling ill?

"THE DEFENDANT: Ha?

"THE COURT: Are you feeling ill?

"THE DEFENDANT: Ya. I don't feel good."

Following this dialogue with Shegrud, the court asked the prosecutor if he had any witnesses who could summarize the facts, thereby establishing that a factual basis existed for acceptance of the plea. With Shegrud present in the court, a detective from the Milwaukee Police Department explained the factual basis for the charge of armed robbery, essentially reiterating the facts in the complaint. After the detective finished testifying, the following colloquy occurred:

"THE COURT: All right. Mr. Shegrud, is it your wish not to contest anything that the officer has stated?

"THE DEFENDANT: I don't know. I don't know what he said.

"THE COURT: Pardon me?

"THE DEFENDANT: I don't even know what he said.

"THE COURT: Well, you were sitting here in court and the record should reflect you were sitting in court the entire time he testified. Weren't you listening to him?

"THE DEFENDANT: I don't want—I don't know. I don't care.

"THE COURT: You don't care? Okay. Well, let me explain to you that if I do accept your plea of no contest—

"THE DEFENDANT: Ya.

"THE COURT: —although there is a plea of not guilty by reason of mental disease or defect, I may not find that you are not guilty because of that reason. I may find you guilty and sentence you to 20 years in the state prison. Do you understand that?

"THE DEFENDANT: I understand.

"THE COURT: Okay. Do you still want to not contest these facts?

"THE DEFENDANT: I—yes.

"THE COURT: All right. By 'yes', you mean you don't want to contest them, right?

"THE DEFENDANT: No, I don't want to contest facts.

". . . .

"THE COURT: You understand what we're doing right now, don't you?

"THE DEFENDANT: Ya, I [t]hink so.

"THE COURT: Okay. Let me also advise you that you are giving up constitutional rights by not contesting these facts. You are giving up your right to a jury trial, and you are giving up your right not to incriminate yourself which means you don't have to testify or say anything about the case, and you are giving up your right to subpoena and cross-examine witnesses and confront witnesses?

"Do you understand that?

"THE DEFENDANT: My lawyer has definitely talked to me about that.

"THE COURT: Mr. Cimpl explained that to you?

"THE DEFENDANT: Ya.

"THE COURT: Okay. And you understand the charge here is Armed Robbery?

"THE DEFENDANT: Ya, I think so.

"THE COURT: Which means you did intentionally take property from another person with a dangerous weapon. Do you understand that?

"THE DEFENDANT: No.

"THE COURT: You don't understand what the charge is?

"THE DEFENDANT: Well, ya, I understand what they're saying, ya.

"THE COURT: You understand that it is an armed charge, Armed Robbery. That's the nature of the charge against you. You understand that?

"THE DEFENDANT: Ya, I understand that.

"THE COURT: And that's what you are not contesting today, right?

"THE DEFENDANT: Ya.

"THE COURT: Okay. Mr. Cimpl, have you discussed this no contest plea with your client?

"MR. CIMPL: Yes, I have, Your Honor.

"THE COURT: Are you satisfied he's making it freely, voluntarily and knowingly?

"THE DEFENDANT: Yes.

145

"MR. CIMPL: Yes, Your Honor. I'm satisfied that he is doing that."

The court's colloquy with Shegrud was sufficient to inform Shegrud of the essential elements of armed robbery and sufficient to assure the court that Shegrud was entering his plea voluntarily with an understanding of the nature of the charge. We find the proceedings in this case to be very similar to those in *State v. Bagnall,* 61 Wis. 2d 297, 307–11, 212 N.W.2d 122 (1973), wherein we held that the court properly accepted the defendant's guilty plea.

Shegrud has not shown that the court failed to properly apprise him of the essentials necessary to accepting his plea, nor has Shegrud alleged that he in fact did not understand the nature of the charge. *See Bangert,* 131 Wis. 2d at 274–275. Accordingly, we hold that the court of appeals erred in concluding that Shegrud was entitled to withdraw his plea.

*By the Court.*—The decision of the court of appeals is reversed.