STATE of Wisconsin, Plaintiff-Respondent,

v.

Henry John CARTER, Defendant-Appellant-Petitioner.

Supreme Court

*No. 85–0579, Argued April 29, 1986.—Decided June 24, 1986.*

(Also reported in 389 N.W.2d 1.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Louis B. Butler, Jr.,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

DAY, J.   This is a review of an unpublished decision of the court of appeals, dated July 30, 1985, summarily affirming the order of the circuit court for Milwaukee county, Honorable Ralph G. Gorenstein, circuit judge, denying Henry John Carter's (Defendant's) motion to withdraw his guilty plea. The issue on review is: Does the due process requirement of the federal constitution mandate that a defendant be permitted to withdraw a plea of guilty if the record of the plea hearing fails to show that the trial court, prior to accepting the plea, ascertained that the Defendant understood the nature of the charge. This is one of three cases decided today which addresses the issue of what constitutes a constitutionally sound plea of guilty or no

contest.[1] In accordance with our holding in *Bangert,* we hold that the due process requirement of the federal constitution does not require that the record of the plea hearing demonstrate that the Defendant understood the nature of the charge at the time of the plea, but rather, it requires that the Defendant in fact understood the nature of the charge at the time of the plea. Because the Defendant alleges that he did not understand the nature of the charge to which he pled guilty, which, if true, would entitle him to withdraw his guilty plea, an evidentiary hearing is necessary to determine the truth of the allegations. Thus, we reverse the decision of the court of appeals and remand the cause to the circuit court with directions to hold an evidentiary hearing.

On November 4, 1983, Defendant pled guilty to one count of burglary,[2] pursuant to plea negotiations. At

---

[1] The other two decisions are *State v. Bangert,* 131 Wis. 2d 246, 389 N.W.2d 12 (1986) and *State v. Shegrud,* 131 Wis. 2d 133, 389 N.W.2d 7 (1986).

[2] Burglary is defined in § 943.10(1), Stats., as:

"**943.10 Burglary.** (1) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class C felony:

"(a) Any building or dwelling; or
"(b) An enclosed railroad car; or
"(c) An enclosed portion of any ship or vessel; or
"(d) A locked enclosed cargo portion of a truck or trailer; or
"(e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
"(f) A room within any of the above."

the plea hearing, the court asked the Defendant which count he was pleading to, what the crime was, and where it was committed. Defendant responded that he was pleading guilty to count one, that the crime was burglary and that it was committed on "3rd and Highland." The court ascertained that the Defendant previously had his constitutional rights explained to him in connection with a forgery charge. The court then advised the Defendant that he was giving up his right to a jury trial, his right to confront his accusers and his right to remain silent, and elicited from the Defendant that no threats or promises were made to him to get him to waive his rights. Finally, the court informed the Defendant of the maximum sentence he was facing. Based on the foregoing, the court found that Defendant "freely, understandingly and voluntarily waived his rights." The State and defense counsel stipulated to the statement of facts in the complaint as the factual basis for the guilty plea. The court accepted the plea and found the Defendant guilty. On February 7, 1984, Defendant was sentenced to an indeterminate term, not to exceed ten years, to be served concurrent with the sentence he was serving upon revocation of his parole.

Neither the trial court at the plea hearing nor the guilty plea questionnaire signed by the Defendant informed him of the nature of the charge of burglary. Furthermore, both the preliminary hearing and the reading of the information were waived by the Defendant. While the record shows that the Defendant pled guilty to burglary on a prior occasion, it does not show whether the nature of the charge was explained to him at that time. The judgment roll states that the Defendant was given a copy of the complaint and advised of

its contents. The complaint sets forth the elements of burglary and the facts as they relate to the charge.

On February 19, 1985, Defendant, pursuant to secs. 974.06 and 971.08(1)(a) , Stats.,[3] filed a postconviction motion to withdraw his guilty plea alleging that the trial court did not, on the record, advise him of the elements of the offense prior to accepting the plea, thereby, according to the Defendant, rendering the plea involuntary.

At the postconviction hearing, Defendant attempted to show that he was not personally advised by the trial court of the nature of the charge of burglary, and that he did not understand the elements of the charge when he entered his plea. However, the trial court summarily denied the motion on the grounds that the motion was too late, and that the Defendant

---

[3] Section 974.06, Stats., provides in part:

"**974.06 Postconviction procedure.** (1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Section 971.08(1), Stats., provides:

"**971.08 Pleas of guilty and no contest; withdrawal thereof.** (1) Before the court accepts a plea of guilty or no contest, it shall:
"(a)　Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; and
"(b)　Make such inquiry as satisfies it that the defendant in fact committed the crime charged."

"knew what he was doing." On July 30, 1985, the court of appeals denied Defendant's motion for a summary reversal and summarily affirmed the trial court's order denying the motion to withdraw the guilty plea. Defendant petitioned this court for review of the decision of the court of appeals, and review was granted.

Defendant argues that the court of appeals failed to accurately apply this court's decision in *State v. Cecchini,* 124 Wis. 2d 200, 368 N.W.2d 830 (1985), thereby rendering his guilty plea involuntary and unknowing, in violation of the federal constitution's guarantee of due process. In *Cecchini,* argues Defendant, this court unanimously ruled that the trial court's failure to ascertain that the defendant understands the nature of the charge violates due process. *Id.* at 201, 210, 212. Defendant argues that since he was not informed of the elements of the offense when he pled guilty, he must be permitted to withdraw his plea of guilty as a matter of right. *Id.* at 215.

In response, the state argues that this court erred in *Ernst v. State,* 43 Wis. 2d 661, 673, 170 N.W.2d 713 (1969), in concluding that *Boykin v. Alabama,* 395 U.S. 238 (1969), "holds that the procedures of Rule 11 [of the Federal Rules of Criminal Procedure] are required in state courts as a matter of federal constitutional law." Rule 11 requires that the trial court address the defendant personally to inform him of and determine his understanding of the nature of the charge. The state argues that subsequent United States Supreme Court decisions have made it clear that no such personal inquiry is necessary, rather, the trial court can presume defense counsel has sufficiently explained the charge to its client. What is constitutionally significant, argues the State, is not the manner in which the Defend-

ant received notice of the nature of the offense, but rather, that the Defendant in fact was aware of the nature of the charge at the time of the plea.

> "A defendant who enters such a plea [guilty plea] simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson v. Zerbst,* 304 U.S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States,* 394 U.S. 459, 466 (1969).

In Bangert, 131 Wis. 2d 246, 258–260, this court determined that the federal constitution does not require that the trial court undertake a personal inquiry of a defendant to determine the defendant's understanding of the nature of the charge before accepting the guilty plea. At the time this court decided *Ernst,* it was reasonable for the court to conclude that *Boykin* made such a procedure mandatory on the states as a matter of federal constitutional law. *See, Id.* at 259–260. However, subsequent United States Supreme Court decisions have shown that this interpretation was in error. *Id.* The United States Supreme Court has recognized that the trial judge may presume defense counsel has informed his client of the nature of the charge. What is constitutionally mandated is that "there must be an affirmative showing 'or there must be an allegation and evidence which show[s]' that the plea was knowingly, intelligent-

ly, and voluntarily made .... A plea will not be voluntary unless the defendant has a full understanding of the charges against him." *Id.* at 257 (quoting *Brady v. United States,* 397 U.S. 742, 748, n. 6 (1970)). Any language appearing in *Ernst* and subsequent cases which states or implies that the federal constitution requires as a matter of due process that the trial judge personally inquire into the defendant's understanding of the charge at the plea hearing is withdrawn. *Id.* at 259–260. Thus, Defendant is not entitled to withdraw his guilty plea as a matter of right simply because the trial judge failed to ascertain that he understood the nature of the burglary charge prior to accepting his guilty plea.

At the postconviction hearing, defense counsel made an offer of proof that "if [the Defendant] were permitted to testify, he would testify that he was not aware of the elements of the offense at the time he entered his plea." If this allegation is true, Defendant's plea was involuntary and unknowing. The state argues that the Defendant is entitled to a hearing to determine if Defendant understood the nature of the charge. In response, Defendant argues that because of his offer of proof, a remand is unnecessary and he is entitled to withdraw his plea.

Defendant seeks relief from his guilty plea by means of a sec. 974.06, Stats., postconviction motion. The scope of such a motion is limited to matters of constitutional or jurisdictional dimension. *State v. Schlise,* 86 Wis. 2d 26, 29, 271 N.W.2d 619 (1978); *Peterson v. State,* 54 Wis. 2d 370, 381, 195 N.W.2d 837 (1972); *State v. Johnson,* 101 Wis. 2d 698, 702, 305 N.W.2d 188 (Ct. App. 1981). As recognized by the state, a constitutional issue has been raised by the Defendant.

Section 974.06(3)(c), Stats., provides for a prompt hearing, "[u]nless the motion and the files and records of the action conclusively show that the prisoner is entitled to no relief. . . ." This court has applied the following test to determine whether an evidentiary hearing should be provided:

> "[I]f a motion to withdraw a guilty plea after judgment and sentence alleges facts which, if true, would entitle the defendant to relief, the trial court must hold an evidentiary hearing. However, if the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusionary allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing." *Nelson v. State,* 54 Wis. 2d 489, 497–498, 195 N.W.2d 629 (1972).

This test is applicable to motions for postconviction relief under sec. 974.06, Stats. *Levesque v. State,* 63 Wis. 2d 412, 421, 217 N.W.2d 317 (1974).

Section 974.06(6), Stats., provides that "[p]roceedings under this section shall be considered civil in nature, and the burden of proof shall be upon the prisoner." The statute does not set forth the quantum of proof necessary for the Defendant to meet his burden. In *State v. Walberg,* 109 Wis. 2d 96, 102, 325 N.W.2d 687 (1982), this court concluded that the higher civil burden of clear and convincing evidence applies to sec. 974.06, motions.

> "The clear and convincing burden of proof is required to further the public policy of finality of judgments after the defendant has been given ample opportunity to challenge the conviction by direct

remedies." *Id.* at 104. *See also, State v. Bartelt,* 112 Wis. 2d 467, 485, 334 N.W.2d 91 (1983).

■

If the trial court finds that there has been a denial of the defendant's constitutional rights "as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Section 974.06(3)(d), Stats. If a defendant shows that he has been denied a relevant constitutional right, he may withdraw his plea as a matter of right. "The trial court reviewing the motion to withdraw has no discretion in the matter in such an instance." *Bangert,* 131 Wis. 2d at 283; *State v. Rock,* 92 Wis. 2d 554, 559, 285 N.W.2d 739 (1979).

At the postconviction hearing, without hearing any evidence, the trial judge determined that the motion was too late and that the Defendant "knew what he was doing" when he pled guilty and thus denied the motion. The trial judge based his determination on the facts that the Defendant was given a copy of the complaint and information, that he had the guilty plea questionnaire, that he had "been through it before," and ninety days had passed. Defense counsel then made an offer of proof that the Defendant did not understand the nature of the offense when the plea was made, thus alleging a constitutional violation. Furthermore, defense counsel pointed out that sec. 974.06, Stats., allows a defendant to bring a motion raising a constitutional issue at any time. The state was allowed to place on the record that the Defendant had been convicted of burglary before, that his history in court does not lend itself to ignorance of the elements of burglary,

and that the plea was the product of negotiations "wherein it was explained to the defendant and which he accepted the negotiations. . . ."

Neither the trial court nor the guilty plea questionnaire informed Defendant of the nature of the charge. Defendant waived his rights to a preliminary hearing and the reading of the information, and because both counsel stipulated to the statement of facts in the complaint as the factual basis for the guilty plea, no discussion was held on the issue. Thus, the Defendant has alleged facts which, if true, would entitle him to withdraw his guilty plea. The trial court erred in not holding an evidentiary hearing, and we remand the cause to the trial court for such a hearing. At the hearing, the state will have the opportunity to submit evidence to show that the Defendant understood the nature of the charge, e.g., the transcript of the prior plea proceeding in which the Defendant pled guilty to burglary, and the transcript of the initial appearance in this case at which, according to the judgment roll, the Defendant was advised of the contents of the complaint. In addition, the trial court erred in determining that the motion was too late. Section 974.06, Stats., does not limit the time period in which such a motion may be filed. *See,* fn. 3.

The state argues that the Defendant attempted to claim a violation of sec. 971.08, Stats., on this appeal of a denial of sec. 974.06, postconviction motion. Because a sec. 974.06 motion is limited to jurisdictional and constitutional matters, the state contends that a claim of a statutory violation is beyond the scope of this appeal. In response, the Defendant argues that the provisions of sec. 971.08 (1)(a), are constitutional require-

ments.[4] In addition, Defendant argues that the trial court's failure to follow the statutory procedure is a violation of due process.

■ As previously stated, the scope of a sec. 974.06, Stats., postconviction motion is limited to matters of constitutional or jurisdictional dimension. Issues regarding the sufficiency of the evidence, jury instructions, error in admission of evidence and other procedural errors are outside the scope of sec. 974.06 motions. *Loop v. State,* 65 Wis. 2d 499, 501–502, 222 N.W.2d 694 (1974); *Peterson,* 54 Wis. 2d at 381, *Johnson,* 101 Wis. 2d at 702.

Section 971.08(1) (a) and (b), Stats., provides:

"**971.08 Pleas of guilty and no contest; withdrawal thereof.** (1) Before the court accepts a plea of guilty or no contest, it shall:

" (a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; and

" (b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged."

Our decision in *Bangert,* 131 Wis. 2d at 281, holds that a trial court's failure to follow the procedures of sec. 971.08, Stats., does not amount to a constitutional violation, but rather is only a statutory violation, subject

---

[4] Defendant contends that even the legislature has determined that a violation of sec. 971.08, Stats., is constitutional in nature because it repealed sec. 971.08(2), on the grounds that it was unnecessary because a withdrawal of a plea may be sought under secs. 809.30(1)(f) and sec. 974.06, 1983 Wis. Laws 219, sec. 43. Section 971.08(2), provided a 120 day period after conviction for withdrawal of a plea of guilty or no contest.

to a postconviction motion to withdraw pursuant to secs. 974.02 and 809.30. Since the time to bring such an appeal or motion has expired, and an alleged statutory violation is beyond the scope of a sec. 974.06 motion, Defendant is precluded from claiming a violation of sec. 971.08.

In *United States v. Timmreck*, 441 U.S. 780, 783 (1979), the Supreme Court held that a formal violation of Rule 11 is neither constitutional nor jurisdictional. Section 971.08, Stats., was modeled after the former Federal Rule 11. *see*, Comment to 1969 Wis. Laws 255, sec. 63. In *Timmreck*, the defendant brought a postconviction motion to withdraw his plea pursuant to 28 U.S.C. sec. 2255, the federal counterpart of sec. 974.06.[5] Defendant alleged that the trial court violated Rule 11 by accepting his plea without informing him of one of the consequences of the plea, a mandatory special parole term. The Supreme Court held that relief, by means of a 28 U.S.C. sec. 2255 motion, "is not available when all that is shown is a failure to comply with the formal requirements of the Rule." *Timmreck*, 441 U.S. at 785, (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).[6] Thus, we conclude that a sec. 974.06 postcon-

[5] Section 974.06, Stats., was "directly taken from 28 U.S.C.A. sec. 2255." *See,* Comment to 1969 Wis. Laws 255, sec. 63.

[6] In its brief, the Defendant argues that *Timmreck,* does not support the argument that a violation of sec. 971.08, Stats., is merely statutory. Defendant contends that the violation of Rule 11 in *Timmreck* was a violation of the amendments to Rule 11 which were not before the Court in *McCarthy v. United States,* 394 U.S. 459 (1969) and *Boykin v. Alabama,* 395 U.S. 238 (1969). Thus, contends the Defendant, while the amendments to the Rule are not

viction motion may not be used to seek relief of a formal violation of sec. 971.08. However, Defendant's basic constitutional claim which is not based on sec. 971.08, remains.

This appeal has come about because of the trial judge's failure to follow the clear mandate of sec. 971.08(1)(a), Stats. This court has once again in *Bangert,* 131 Wis. 2d at 278–279, advised the trial bench of the duty to comply with the statute in taking guilty or no contest pleas. Intentional failure to follow such mandate could be grounds for judicial discipline. *Bangert,* 131 Wis. 2d at 279.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded to the circuit court with directions for further proceedings consistent with this opinion.

grounded in the constitution, the Court in no way retreated from its earlier position in *Boykin,* that Rule 11 requirements are constitutionally mandated in state prosecutions.

A careful reading of *McCarthy* and *Boykin,* shows that the 1966 Amendment to Rule 11, applied in *Timmreck,* was also applied in those cases. The amendment to Rule 11, which created the requirement that the court address the defendant personally, became effective July 1, 1966. Fed. R. Crim., P. 11 (1966), Amendment Notes. In *McCarthy,* the defendant entered his guilty plea on July 15, 1966, and in *Boykin,* the defendant entered his guilty plea on July 14, 1966. Both pleas were entered subsequent to the effective date of the 1966 amendment.