STATE, Plaintiff-Respondent, v. LEE,
Defendant-Appellant.

Supreme Court

*No. 76–243–CR.  Argued January 31, 1979.—
Decided March 27, 1979.*
(Also reported in 276 N.W.2d 268.)

For the appellant there was a brief by *Hughes & Mathewson,* attorneys, of Oshkosh, and *Paul H. Ray,* of counsel, of Plymouth, Minnesota, and oral argument by *Jack Nordby* of Plymouth, Minnesota.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This is an appeal from an order of the circuit court which affirmed an order of the county court of Winnebago county denying a motion of the defendant, Gary R. Lee, to withdraw a plea of no contest on the ground of manifest injustice.

Lee was convicted following a plea of no contest on October 29, 1975, on the charge of carrying a concealed weapon, contrary to sec. 941.23, Stats. On January 21, 1976, after the submission of a presentence report to the

court, he was sentenced to sixty days in the county jail. By a motion filed on April 30, 1976, more than six months following his conviction, Lee sought to withdraw his plea. This motion, after a hearing, was denied by the county court on May 26, 1976. The denial of this motion was appealed to the circuit court, and the circuit court affirmed the order of the county court and determined that there had been no manifest injustice. The circuit court also affirmed the judgment of conviction and sentence.

Two issues are presented on this appeal: (1) Did failure to move for withdrawal of the plea within one hundred twenty days of conviction, as prescribed by sec. 971.-08 (2), Stats., deprive the court of jurisdiction to consider the motion; and (2) was it an abuse of discretion and a manifest injustice to deny the motion to withdraw a plea of no contest where the record shows that the court, because it did not know that there was a prior plea bargain, failed to inform the defendant that the court was not bound by the bargain but where the record also shows the defendant had previously been informed by his own attorney that the court would not be bound. The answer to each of these questions must be no. We affirm the order.

The record shows that a criminal complaint charging the defendant, Gary Lee, with carrying a concealed weapon was filed on August 20, 1975. Although the record does not include the additional complaint charging the defendant with resisting arrest, the transcript of a hearing held before the county court clearly shows that Lee was also charged with that crime. At the hearing, the district attorney informed the court that the defendant was prepared to plead to the charge of carrying a concealed weapon and that the state was dismissing the charge of resisting arrest.

The record as a whole demonstrates that the plea of no contest which was entered by the defendant at the hearing was the consequence of a plea bargain entered into between the defendant and his attorney and the prosecutor. The plea bargain provided that the resisting-arrest charge would be withdrawn, that, upon a finding of guilty, the district attorney would recommend confinement in the county jail for a period not to exceed twenty days, and that sentencing would be deferred pending the filing of a presentence report.

Lee took the stand and admitted that, at the time and place charged, he was carrying a concealed weapon, but explained that his only purpose in having it tucked into his belt was for the purpose of transporting it from the tavern where he worked to his home. He stated that he was removing it from the tavern because he thought it was dangerous to allow it to remain there.

It is apparent from the record that the county judge was unaware that a plea-bargain arrangement had been entered into between the prosecution and the defense. After Lee voluntarily took the stand to explain why he had the weapon in his possession, the following colloquy ensued between the court and the accused:

"THE COURT: There are certain questions I should ask of you as to the determination of the plea being voluntary:

"You understand the crime charged is carrying a concealed weapon and it carries a maximum penalty of not more than one year in the county jail?

"DEFENDANT: Yes.

"THE COURT: Have there been any promises made to you as to what the Court would do upon your making that plea or any threats made as to what might happen if you did not enter such a plea?

"DEFENDANT: No, sir.

"THE COURT: You understand that by making such a plea, you waive several constitutional rights—the right to be proved guilty beyond a reasonable doubt, the right

not to incriminate yourself, which is a valuable right, the right to a trial by jury and the right to confront witnesses and to use the power of the Court to compel the attendance of other witnesses at your request?
"DEFENDANT: Yes.
"THE COURT: You are willing to waive those rights?
"DEFENDANT: Yes, sir."

At the conclusion of the testimony and of the admonitions by the court set forth above, the court found the defendant guilty, ordered a presentence investigation, and dismissed the charge of resisting arrest. Because the court was not informed that there had been a plea bargain, and because the defendant stated that no promises had been made to him in exchange for his plea, the county court did not inform the defendant that the court was not bound by a possible plea bargain.

Following the filing of a presentence report, a sentencing hearing was held in the county court on January 21, 1976. At that time the prosecutor lived up to the bargain made with the defense prior to the plea. The prosecutor recommended a twenty-day sentence, stating, "It's part of the plea bargaining and the State's recommendation that a jail term of 20 days be imposed." The county court, however, on the basis of the presentence investigation, which revealed a prior felony conviction, imposed a term of sixty days in the county jail. Subsequently, on April 30, 1976, the defendant filed a motion in the county court to withdraw the plea of no contest. The basis for this motion, as set forth in the accompanying petition, was that the court, not having been informed of the plea bargain at the time the plea was entered, did not inform the defendant that the court was not bound by the agreement. The defendant contended that this constituted a manifest injustice because he would not have entered a plea had he been informed that a sentence of more than twenty days might be imposed.

A hearing was held on the motion to withdraw the plea. At the hearing one of the attorneys representing Lee told the court that the reason why the plea bargain was not put on the record at the time of the plea was that both the state and the defense were anticipating a presentence investigation and that the essence of the plea bargain—the twenty-day sentence—would only be pertinent at the time of sentencing. Attorney Mathewson, who appeared for Lee when the plea was entered, stated that, prior to the plea, he had advised Lee that the prosecutor's sentencing recommendation would not be binding upon the judge. Lee's other attorney, Paul Ray, who was also retained for the purpose of withdrawing the plea, argued that counsel's admonition was not enough and that the court had the responsibility of personally instructing the defendant that the recommendation was not binding.

The county court concluded that the defendant knew the possible consequences of the plea at the time he entered it, that he was informed specifically by the court that he could be sentenced for up to one year in the county jail, and that he had been informed that the prosecutor's recommendation would not be binding. The motion to withdraw the plea was denied. The order denying the motion was appealed to the circuit court. On July 16, 1976, the circuit court, after a hearing which encompassed the same issues, concluded that there was no manifest injustice in denying the motion to withdraw the plea. An order affirming the county court's order and judgment of conviction and sentence was entered by the circuit court.

A threshold question is presented by the state for the first time on this appeal. Secs. 971.08(1) and (2), Stats., provide:

"971.08  Pleas of guilty and no contest; withdrawal thereof.  (1) Before the court accepts a plea of guilty or no contest, it shall:

"(a) Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted; and

"(b) Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

"(2) The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction."

Although the state argues persuasively, and correctly we believe, that no manifest injustice was committed by the denial of the motion to withdraw the plea, it additionally argues in its brief that, because of the provisions of sec. 971.08(2), Stats., the county court had no power to grant the motion. It is apparent, not only from the statements in the brief but from assertions made in oral argument, that it is the state's position that the one-hundred-twenty-day limitation is jurisdictional and deprives the court of subject matter jurisdiction to consider the motion when it is brought too late.

The record shows that the crucial date—the date of conviction—was October 29, 1975. The motion to withdraw the plea was filed on April 30, 1976, more than six months later. The motion was untimely.

The question, however, is whether the statute, sec. 971.-08(2), Stats., is mandatory upon the courts and is, therefore, jurisdictional. Section 971.08(2) was created by the Laws of 1969, ch. 255, sec. 63. That newly created statute carried with it the following comment prepared by the Judicial Council:

"Sub. (2) reduces from one year to 120 days the time for withdrawing a 'guilty' plea. (See *Pulaski v. State*, 23 Wis.2d 138, 126 N.W.2d 625.)"

This comment indicates that sub. (2) was intended only to change the time period established by this court in *Pulaski*. In *Pulaski* this court addressed the question whether a plea could be withdrawn after sentence. We

said therein a motion to withdraw a plea of guilty is "directed to the discretion of the court in the interest of justice which the court has the inherent power to hear." *Pulaski, supra* at 142. In *Pulaski* we made it clear that, even after sentence, a motion would be heard as a matter of right if filed within a year of conviction. We also specifically stated that the motion was to be heard even after the expiration of the one-year period if the motion itself was filed within the period. Additionally, it was made clear that the one-year period was not jurisdictional but was a rule of administration and regulatory only. We stated:

"There may be an exceptional case or two but normally for a trial court to entertain a motion made beyond a year would seem to be an abuse of discretion." (at 144)

It is clear, therefore, that *Pulaski* did not set a jurisdictional time limit for considering a motion to withdraw a plea. *Pulaski* also makes clear that a motion to withdraw a plea could be made beyond the one-year regulatory period but, unless exceptional circumstances were shown, it would be an abuse of discretion to consider a motion made beyond the time period.

The analysis of *Pulaski* conclusively demonstrates that a defendant who seeks to withdraw a plea after the regulatory time period would indeed have to show by clear and convincing evidence that exceptional circumstances warranted the invocation of the court's inherent power. *Pulaski* holds that a defendant has the right to move for withdrawal of his plea within the one-year period but that it is within the discretion of the court, in its inherent power to do justice, to entertain the motion at a later date.

*Pulaski* did not set a jurisdictional time limit. Neither, we conclude does the statute. In the interests of sound court administration, the statute reduces the regulatory time to one hundred twenty days. The statute, however,

does not deprive the court of jurisdiction. The references to *Pulaski* demonstrate that the legislature followed the rationale on which *Pulaski* was based.

Moreover, it is the obligation of this court to find enactments of the legislature constitutional if it is at all possible to do so. The contention that sec. 971.08 (2), Stats., imposes a legislative restriction on the power of the courts to do justice would pose a serious constitutional question. We specifically held in *Pulaski* that it is an *inherent* power of a court to permit a withdrawal of a plea. We cannot conclude that it was the intention of the legislature to act unconstitutionally. We, accordingly, construe the provisions of sec. 971.08 (2) to be regulatory only and, therefore, not subject to constitutional attack.

This is not to say that it would be inappropriate for the state to object to the consideration of a motion to withdraw a plea that was brought beyond the time prescribed by statutory regulation. As *Pulaski* clearly points out, entertaining an untimely motion to withdraw a plea would ordinarily constitute an abuse of discretion. In the instant case, however, the state made no objection to the untimeliness of the motion to withdraw the plea. The trial judge's exercise of discretion was, therefore, never triggered by an appropriate objection by the state. This constitutes waiver; and because the error claimed is not jurisdictional and was waived, the objection made for the first time in this court comes too late.

We conclude that it was within the power and jurisdiction of the county court to consider the motion even though it was brought after the one-hundred-twenty-day period set forth in the statute.

The state has relied upon *State v. Bagnall*, 61 Wis.2d 297, 212 N.W.2d 122 (1973). In that case we held that the court had jurisdiction to decide a motion after the one-hundred-twenty-day period if the motion was brought

within the statutory period. That decision was clearly correct and determined that the motion would be heard as a matter of right after the one-hundred-twenty-day period where there had been a timely filing. It should not be inferred, however, from that opinion that the one-hundred-twenty-day period is jurisdictional; and, to the extent that *Bagnall* can be read to support that conclusion, we specifically reject such inference.

The county court in the instant case, not having had the statute brought to its attention, proceeded to consider the defendant's claim of manifest injustice on its merits, and we review the trial court's determination on that basis.

A motion to withdraw a plea of guilty or no contest is directed to the discretion of the court in the interest of justice. *Dudrey v. State,* 74 Wis.2d 480, 483, 247 N.W.2d 105 (1976) ; *State v. Reppin,* 35 Wis.2d 377, 384, 151 N.W.2d 9 (1967). When a motion to withdraw a plea is made after sentencing, the defendant has the burden of showing by clear and convincing evidence that the withdrawal of the plea is necessary to correct a manifest injustice. *State v. Besso,* 72 Wis.2d 335, 344, 240 N.W.2d 895 (1976) ; *State v. Reppin, supra* at 384.

It is both statutorily (sec. 971.08 (1), Stats.) and constitutionally required that the record show that the trial court, before accepting a plea of guilty, personally questioned the defendant to make sure that the plea was voluntary and that there was an understanding of the nature of the crime and of the potential punishment; and, in addition, there must have been a personal inquiry which was reasonably sufficient to satisfy the court that the defendant in fact committed the crime charged.

In *Reppin, supra* at 385, we adopted a portion of the A.B.A. Standards for Criminal Justice in regard to with-

drawal of a plea. Following the A.B.A. Standards, we set forth four situations in which a withdrawal of a plea must be allowed to correct a manifest injustice. We stated in *Reppin* that the withdrawal of a plea on the ground of manifest injustice is necessary when a defendant proves:

" '(1) he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

" '(2) the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

" '(3) the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

" '(4) he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.' " (at 385)

We pointed out that these examples are not exhaustive of fact situations which might constitute manifest injustice.

In the instant case Lee's claim falls within the purview of fact situation 3, that the plea of no contest was entered without knowledge that a sentence of more than twenty days could be imposed. It is his position that he had been told by his attorney that a plea bargain had been agreed upon and that the prosecutor would ask for a sentence of not more than twenty days. He claims that he did not know that, nevertheless, a sentence for a longer term could be imposed. This issue was specifically addressed by the court at the hearing on the motion to withdraw the plea. At that hearing, Mathewson, the defendant's own attorney, stated that he had advised the defendant prior to the plea bargain that the recommendation of a twenty-day sentence would not be binding on the court. Additionally, the district attorney, at the hearing on the motion to withdraw the plea, stated that the only promise that had been made to the defendant was

that a *recommendation* of a sentence of twenty days would be made. That promise was in fact carried out at the time of the sentencing. In addition, the record shows without equivocation that the trial court at the time of the sentencing stated that the crime charged carried a penalty of not more than one year. The trial court, in making its decision on the motion to withdraw the plea, concluded that the defendant was fully aware of the possible consequences of his plea. This conclusion is supported by the record, and there is no clear and convincing evidence that a manifest injustice has resulted from the denial of the motion to withdraw the plea.

Rather, it is apparent from the record that the plea bargain was made and understood. The problem arose when the trial judge at sentencing, with full awareness of the plea bargain, declined to follow the recommendation of the prosecutor. In view of the prior knowledge of the defendant that the bargain was not binding upon the court, there was no manifest injustice. Moreover, it is apparent from the record that the presentence investigation was intended to influence the trial court's sentencing decision. Neither party to the bargain expected, or had the reasonable expectation, that the sentencing decision would be based only upon the prosecutor's recommendation. Undoubtedly, the defendant hoped for so favorable a presentence report that no period of incarceration would be imposed. That hope was frustrated by the evidence set forth in the presentence investigation report, upon which the trial court properly relied.

Despite the fact that we are satisfied that no manifest injustice occurred in the instant case, it is apparent that the existence of a plea bargain should have been made known to the court prior to the time the plea was entered. We have repeatedly said that plea agreements should be made a part of the record. *State ex rel. White*

*v. Gray,* 57 Wis.2d 17, 23, 203 N.W.2d 638 (1973); *Austin v. State,* 49 Wis.2d 727, 734, 183 N.W.2d 56 (1971). Undoubtedly, blame for the failure to make the plea agreement known to the court until the time of sentencing must rest upon the defendant himself. When asked whether there had been any promises made in respect to entering the plea, the defendant answered, "No." The trial judge misunderstood the facts, for it is clear from the record that, upon the plea of no contest, the state recommended dismissal of the resisting-arrest charge and recommended a sentence of twenty days on the charge of carrying a concealed weapon.

We decline to make it mandatory that, upon a plea of guilty or no contest, a court specifically ask whether there have been any plea negotiations or agreements or whether the state has promised to make any recommendations. We believe that those questions in the usual case are encompassed in the requirements of *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969), that the court ask a defendant, before accepting a plea, whether any promises or threats have been made to him in connection with the proposed plea. Nevertheless, we recommend, as a matter of good practice, that, in circumstances where the situation appears to be unclear, the court specifically address the question of plea agreements to counsel for the defendant, to the prosecutor, and to the defendant himself. In the instant case, however, it is beyond dispute that the defendant was advised by counsel that the plea negotiations were not binding on the court. It is equally clear that the promises made by the prosecution were kept. It cannot be said that the defendant did not understand the consequences of his plea or that a withdrawal of the plea should have been permitted to correct a manifest injustice.

*By the Court.*—Order affirmed.