STATE of Wisconsin, Plaintiff-Respondent,

v.

Darrin D. BURNS, Defendant-Appellant-Petitioner.

Supreme Court

*No. 96–3615–CR. Oral argument February 25, 1999.—Decided June 22, 1999.*

(Also reported in 594 N.W.2d 799.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Glenn L. Cushing*, assistant state public defender.

For the defendant-appellant-petitioner the cause was argued by *James M. Freimuth*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals, *State v. Burns*, No. 96–3615-CR, unpublished slip op. (Wis. Ct. App. February 5, 1998), affirming the judgment of conviction and the order of the Circuit Court for Waupaca County, John P. Hoffmann, Jr., Judge, denying the post-conviction motion of the defendant Darrin D. Burns for relief from the judgment.

¶ 2. The issue presented is whether Wis. Stat. § 972.13(1) (1993–94)[1] requires that a defendant

---

[1] Wisconsin Stat. § 972.13(1)(1993–94) provides: "A judgment of conviction shall be entered upon a verdict of guilty by

763

expressly and personally articulate a plea of guilty or no contest on the record in open court in order for a judgment of conviction to be entered on the plea. The record in this case is clear that the defendant was never directly asked in open court "How do you plead?" to the charged offense and that he never stated his plea to the charged offense on the record.

¶ 3. We affirm the judgment of conviction in this case, even though the defendant did not expressly and personally articulate a plea of no contest on the record in open court, because the only inference possible from the totality of the facts and circumstances in the record is that the defendant intended to plead no contest. Indeed in this case the defendant acknowledges, as he must, that the record amply and clearly demonstrates that he intended to enter a plea of no contest when he came to court on January 16, 1996.[2] Defendant's brief at 6.

¶ 4. Despite our decision in this case, this court has deep and continuing concerns about affirming a conviction based on a plea of guilty or no contest when the defendant has not expressly and personally articulated the plea on the record in open court. Pleading guilty or no contest is a serious event, a "serious and sobering occasion."[3] By entering such pleas, defend-

the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest."

All subsequent references to the Wisconsin Statutes are to the 1993–94 text unless otherwise noted.

[2] The defendant does not contest his understanding of the proceedings and accordingly has not filed a motion to withdraw his plea in this case. His position instead is that he never entered a plea.

[3] *Santobello v. New York*, 404 U.S. 257, 264 (1971) (Douglas, J., concurring).

ants relieve the state of the heavy burden of proving their guilt beyond a reasonable doubt. They also give up important constitutional rights and expose themselves to conviction and incarceration. A defendant expressly and personally pleading guilty or no contest on the record in open court is the best way for a circuit court to assure itself that the defendant has personally made the decision to so plead.

¶ 5. Circuit courts have many obligations during a plea hearing to ensure that statutory and constitutional requirements are met and that justice is done. We recognize that circuit courts are at the same time under tremendous pressure to handle ever-increasing caseloads and to manage the caseloads efficiently. The circuit courts may therefore feel compelled to usher defendants through the court process as quickly as possible. Despite the time pressures, however, no circuit court can invite or condone a less than adequate plea hearing in the name of expediency.

¶ 6. Recognizing the circuit courts' responsibility to do justice and to manage caseloads efficiently, this court urges circuit courts to follow the usual and strongly preferred practice of asking defendants directly and personally in open court and on the record how they plead to the charged offenses and of entering the pleas on the record.[4] In that way, justice is admin-

---

[4] SM–32, Wis. JI—Criminal (Rel. No. 33–6/95) sets forth the questions a circuit court should ask in accepting a plea of guilty. One such question is "How do you plead?" Although we have admonished circuit courts "to give substantial heed to the explicit directions contained [in SM–32] when accepting a plea of guilty or no contest," we have not required circuit courts to follow SM–32. *State v. Bartelt*, 112 Wis. 2d 467, 484 n.3, 334 N.W.2d 91 (1983); *State v. Bangert*, 131 Wis. 2d 246, 270–71, 389 N.W.2d 12 (1986).

istered by circuit courts and appeals that might otherwise result are averted.

## I

¶ 7. The facts necessary to this review are undisputed. On October 16, 1995, the defendant was charged with homicide by operation of a vehicle contrary to Wis. Stat. § 940.09(1)(a) and (1)(b). On November 7, 1995, the defendant pled not guilty to these charges.

¶ 8. On January 16, 1996, in open court and in the presence of the defendant, defense counsel informed the circuit court that with respect to the charge of homicide by operation of a vehicle while having a prohibited blood-alcohol concentration, the defendant was prepared to change his plea from not guilty to no contest.

¶ 9. The defendant completed and signed a plea questionnaire and waiver of rights form on the morning of the hearing, and the form was filed with the circuit court. The completed plea questionnaire and waiver of rights form states, among other matters, the following: I, the defendant, "wish to enter a plea of no contest" to the charge; "I understand that I am giving up the following [enumerated] rights by this plea"; I "understand that I can be found guilty by the Judge if my plea is accepted"; "I have discuss[ed] this case with my lawyer"; "I have read or had read to me this questionnaire, understand it, and [have] answered all questions truthfully"; and "I am making this decision to enter this plea of my own free will." Defense counsel also signed the plea questionnaire and waiver of rights form, checking the box stating that counsel has read the questionnaire to the client and believes that the "client does in fact understand this questionnaire and is entering this plea of his own free will."

766

¶ 10. Although the written plea questionnaire and waiver of rights form contains language indicating that a defendant is pleading no contest by signing the form, the totality of the form reflects the signatory's intention to enter a plea of no contest in the future and an understanding of the consequences of the future plea should it be accepted and entered by the court. The intention at the signing of the form to enter a plea in the future is not the same as stating in the present tense "I plead no contest."

¶ 11. The circuit court engaged in an on-the-record colloquy with the defendant to establish that the defendant understood the written plea questionnaire and waiver of rights form; that the defendant was entering the plea voluntarily; that the defendant was aware of the potential penalties; and that the defendant understood that by entering a plea he would waive important constitutional rights.

¶ 12. The colloquy on January 16, 1996, was as follows:

> MR. JOHNSON [defense counsel]: . . .My client is prepared today to change his plea to Count 2 of the information to that of no contest, and we anticipate that subsequent to that, to the acceptance of that plea that Count 1 would be dismissed.
>
> THE COURT: Will there be a request for a pre-sentence?
>
> Mr. JOHNSON: Yes, Your Honor.
>
> Mr. SNIDER [prosecuting attorney]: Yes, your Honor.
>
> THE COURT: Do you have a plea questionnaire?
>
> MR. JOHNSON: Yes, Your Honor.
>
> THE COURT: Mr. Burns, you completed the plea questionnaire and waiver of rights form today?
>
> MR. BURNS: Yes, sir.

THE COURT: And did you understand that form?

MR. BURNS: Yes, sir.

THE COURT: Have you had enough time to discuss this matter with Attorney Johnson?

Mr. BURNS: Yes, Your Honor.

. . . .

THE COURT: Do you understand the various rights, including constitutional rights, that are set forth in the plea questionnaire and waiver of rights form?

MR. BURNS: Yes, sir.

THE COURT: Do you understand that you are giving up those rights by entry of your plea?

Mr. BURNS: Yes, sir.

THE COURT: Do you understand you would give up a constitutional right to trial by jury, a constitutional right to confront or to face your accusers, a constitutional right not to incriminate yourself, which means that you have a right to remain silent, and a right to present evidence on your own behalf and to require witnesses to come to court and testify on your behalf? Do you understand those rights that you are giving up?

MR. BURNS: Yes, sir.

. . . .

THE COURT: Do you have any questions that you wish to ask the court in regard to the plea questionnaire and waiver of rights form?

MR. BURNS: No, sir.

THE COURT: Have you had enough time to thoroughly discuss this case and the effects of your plea to this offense with Attorney Johnson?

MR. BURNS: Yes.

. . . .

THE COURT: Mr. Johnson, have you had enough time to thoroughly discuss this case and the effects of the plea with your client?

768

MR. JOHNSON: Yes, Your Honor.

THE COURT: Do you believe that his plea is being entered knowingly, voluntarily, and intelligently?

MR. JOHNSON: Yes, Your Honor.

THE COURT: Do you believe he understands the nature of the charges against him, the effect of his plea, and the elements of the crime?

MR. JOHNSON: Yes, Your Honor.

. . . .

THE COURT: The court will find that the defendant's plea to Count 2 is being entered knowingly, voluntarily, and intelligently. I believe the defendant has had sufficient time to confer with his attorney. I believe the defendant understands the nature of the charge against him, the effect of his plea, and the elements of the crime. . . .I will accept the defendant's plea and find the defendant guilty of Count 2. . . .

¶ 13. The circuit court never mentioned in this plea colloquy that the proposed plea was a plea of no contest and never asked the defendant for his plea. At no time did the circuit court ask the defendant how he pleads to the charge, whether his plea to the charge is no contest, or whether his attorney's statement that the defendant "is prepared today to change his plea" of not guilty to that of no contest is correct. It is beyond dispute that neither the defendant nor the defense counsel nor the circuit court ever said on the record that the defendant was in fact then and there pleading no contest to the charged offense. Therefore, it is beyond dispute that the defendant did not expressly and personally plead to the charged offense on the record in open court.

¶ 14. It is clear, however, from the record in this case, that is, from the written plea questionnaire and

waiver of rights form and the plea colloquy, that the defendant intended to plead no contest to the charged offense. The circuit court accepted what the defendant, his counsel and the circuit court assumed was the defendant's plea of no contest, dismissed one of the charges,[5] and set the matter over for sentencing. On April 24, 1996, the circuit court sentenced the defendant to an indeterminate prison term not to exceed ten years.

¶ 15. On October 10, 1996, the defendant filed a motion to vacate the judgment of conviction of homicide by operation of a vehicle with a prohibited alcohol concentration on the ground that he was never directly asked at the plea hearing whether he wished to enter a plea and he never stated his plea to the charged offense on the record in open court. The defendant argues that because he did not expressly and personally state on the record that he was pleading no contest, no valid judgment of conviction could be entered. The defendant rests his argument on Wis. Stat. § 972.13(1), which provides that a judgment of conviction shall be entered upon a plea of guilty or no contest.

¶ 16. The circuit court denied the defendant's post-conviction motion. On appeal, the court of appeals affirmed the judgment of conviction and the order of the circuit court. The court of appeals declared that a valid plea under Wis. Stat. § 972.13(1) does not require "a specific utterance such as 'I plead no contest.' "[6]

---

[5] The charge under Wis. Stat. § 940.09(1)(a) was dismissed by the circuit court.

[6] The court of appeals relied on *State v. Salentine*, 206 Wis. 2d 418, 426–27, 557 N.W.2d 439 (Ct. App. 1996), which held that the utterance "I plead no contest" was not required.

Three unpublished decisions of the court of appeals present a substantially similar factual situation as presented in this

## II

¶ 17. We agree with the State and the defendant that the *decision* to plead guilty or no contest must be made personally by the defendant and that the defendant in this case did personally make that *decision*. The issue of law presented in this case is, however, whether the defendant must expressly and personally state that personal decision to plead no contest on the record in open court or whether the defendant's intent to plead no contest may be inferred from the record.

¶ 18. The defendant urges that a strict rule of procedure be adopted requiring defendants to personally, directly and specifically state their pleas of guilty or no contest on the record in open court in order for the circuit court to enter a judgment of conviction. Inasmuch as the defendant, as we stated previously, acknowledges that the record in this case amply and clearly demonstrates that he intended to enter a plea of

---

case. *State v. Gordon*, Case No. 95–0496-CR (Ct. App. 1995); *State v. Carson*, Case. No. 95–2526-CR (Ct. App. 1996); and *State v. Lamson*, Case No. 96–0003-CR (Ct. App. 1996). In *Gordon*, the court of appeals held that the failure of the defendant to personally enter a plea of guilty or no contest warranted vacating the judgment of conviction. In *Larson* and *Carson*, the court of appeals held that the judgments of conviction should be affirmed. In all three cases, the circuit court referred to the defendant's guilty plea.

In the present case, the circuit court never mentioned that the defendant's plea was no contest. At no time did the circuit court personally verify with the defendant what plea he was going to enter or even that he "wished" to enter a no contest or guilty plea. Although defense counsel stated at the outset of the hearing that his client "is prepared to change his plea. . .to that of no contest," the circuit court failed to take even the rudimentary step of asking the defendant if that was true.

no contest when he came to court on January 16, 1996, the defendant's position in this case is one of form rather than of substance.

¶ 19. The defendant cites no statutory or case authority specifically requiring defendants to expressly and personally state their pleas of guilty or no contest on the record in open court. Nor do we find any such direct authority to support the defendant's position.[7]

¶ 20. For instance, Wis. Stat. § 971.06(1) merely sets out the types of pleas a defendant may make: guilty, not guilty, no contest, or not guilty by reason of mental disease or defect. This provision is silent about how defendants are to make their pleas. Wisconsin Stat. § 971.06(2) provides that if a defendant stands mute, or refuses to plead, the circuit court may direct the entry of a plea of not guilty on the defendant's behalf. In this case the defendant did not stand mute or refuse to plead, but also did not expressly and personally plead to the charged offense.

¶ 21. Further, Wis. Stat. § 971.08(1) requires the circuit court to take the following steps before accepting a guilty or no contest plea:

---

[7] The defendant also claims, without developing the argument, that in this case the circuit court's entry of the judgment of conviction without first obtaining the defendant's personal articulation of the plea of no contest in open court on the record constituted a violation of due process. We agree with the State that the defendant has confused the due process requirement that a defendant's decision to plead guilty or no contest be "knowingly, voluntarily, and intelligently" made by a defendant, *State v. Bangert*, 131 Wis. 2d 246, 257, 389 N.W.2d 12 (1986), with the defendant's asserted position in this case that defendants must expressly and personally convey their pleas in open court on the record.

1) address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted,

2) make such inquiry as satisfies it that the defendant in fact committed the crime charged, and

3) advise the defendant who is not a United States citizen of the possibility of deportation if the defendant pleads guilty or no contest.

¶ 22. Wisconsin Stat. § 971.08(1) does *not* require the circuit court to ask the defendant to state his or her plea expressly and personally in open court.

¶ 23. Finally, Wis. Stat. § 972.13(1), upon which the defendant relies, states that "a judgment of conviction shall be entered upon a verdict of guilty by the jury, a finding of guilty by the court in cases where a jury is waived, or a plea of guilty or no contest." Again, the statute does not describe how defendants should make their pleas.

¶ 24. We agree with the court of appeals that the circuit court's failure to ask the defendant, "how do you plead?," and the defendant's failure to answer on the record, "I plead no contest," are not fatal to the conviction in the present case in which it is clear that the only inference possible from the totality of the facts and circumstances in the record is that the defendant intended to plead no contest.

¶ 25. Here, the defendant completed and signed a plea questionnaire and waiver of rights form in which he stated he "wished" to plead no contest to the charged offense. After signing the form and immediately prior to the on-the-record plea colloquy between the circuit court and the defendant, the form was filed with the circuit court. At the opening of the proceeding, defense counsel informed the circuit court in the presence of the

defendant that the defendant was "prepared" to change his plea to no contest. The defendant responded affirmatively to the circuit court's numerous questions about the plea questionnaire and waiver of rights form and about whether he understood the charges, the effects of the plea, and what rights he was giving up. It is clear, and the defendant does not dispute, that this record amply and clearly demonstrates that he intended to enter a plea of no contest when he came to court on January 16, 1996.

¶ 26. We agree with the court of appeals that the magic words "I plead no contest" are not necessarily required for a valid conviction based on a plea of no contest under Wis. Stat. § 972.13(1). Although circuit courts must be vigilant in ensuring that defendants expressly and personally state their pleas on the record, in this case we can reliably and without doubt conclude that the circuit court's oversight in not asking the defendant "how do you plead?" and in not having the defendant respond to this question did not overcome the defendant's obvious intent to plead no contest. The record demonstrates that the only inference possible from the totality of the facts and circumstances of this case is that this defendant intended to plead no contest.

¶ 27. In sum, although the strongly preferred practice is that circuit courts elicit from defendants a response of "guilty" or "no contest" to the question "how do you plead?," when a circuit court has failed to do so, a reviewing court may hold that a defendant made such a plea when the only inference possible from the totality of the facts and circumstances in the record is that the defendant intended to plead no contest (or guilty, as the case may be).

774

¶ 28. For the reasons set forth, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 29. ANN WALSH BRADLEY, J. (*dissenting*). The ultimate question in many cases is where do you draw the line. Because I draw the line differently than does the majority, I respectfully dissent.

¶ 30. I begin with a basic premise: that the purpose of a plea hearing is to have the defendant enter a plea. Here, the record reflects that the defendant never entered a plea so the majority is forced to infer the entry of a plea from the circumstances.

¶ 31. I agree that we can appropriately infer all of the requirements of a validly made plea, save one: that the plea was actually made. We can infer that the plea is freely and voluntarily made. *State v. Bangert*, 131 Wis. 2d 246, 274–75, 389 N.W.2d 12 (1986). We can infer that the defendant knowingly waives his rights. *State v. Moederndorfer*, 141 Wis. 2d 823, 826–28, 416 N.W.2d 627 (Ct. App. 1987). We can infer that the defendant understands the nature of the offense. *Bangert*, 131 Wis. 2d at 268. We can infer that the defendant understands the potential punishment. *State v. Van Camp*, 213 Wis. 2d 131, 143, 569 N.W.2d 577 (1997). But I draw the line here. Where no plea has been made, I would not infer a plea.

¶ 32. Wisconsin Stat. § 971.08 sets forth the procedures a circuit court must follow in order to insure that a defendant's plea is entered knowingly and voluntarily. The majority is correct that the statute does not explicitly require "the circuit court to ask the defen-

dant to state his or her plea expressly and personally in open court." Majority op. at 773.

¶ 33. However, I do not find that fact to be instructive since the statute is written presupposing that a plea has been stated:

> **Pleas of guilty and no contest; withdrawal thereof.** (1) Before the court *accepts a plea* of guilty or no contest, it shall do all of the following:
>
> (a) Address the defendant personally and determine *that the plea is made* voluntarily with understanding of the nature of the charge and the potential punishment if convicted. . . .
>
> (c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that *a plea of guilty or no contest* for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."
>
> (2) If a court fails to advise a defendant as required by sub. (1) (c) and a defendant later shows that *the plea* is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw *the plea and enter another plea.* This subsection does not limit the ability to *withdraw a plea of guilty or no contest* on any other grounds.
>
> (3) *Any plea of guilty* which is not accepted by the court or which is subsequently permitted to be withdrawn shall not be used against the defendant in a subsequent action. Wis. Stat. § 971.08 (emphasis added).

It really makes little sense to speak of "the plea" or "accept[ing] the plea" or "withdraw[ing] the plea and enter[ing] another plea" unless the defendant actually enters a plea.

¶ 34. The majority draws the line too low. Here the defendant is sentenced to an indeterminate prison term not to exceed ten years without ever having pled to the offense. Because I believe that a minimum standard of criminal jurisprudence requires that the defendant enter a plea before he is found guilty and sentenced, I dissent.