COURT OF APPEALS
DECISION
DATED AND FILED

December 22, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1152-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF159**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DARRYL L. CHRISTENSEN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Polk County: EUGENE D. HARRINGTON, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Darryl Christensen appeals from a judgment of conviction and the denial of his postconviction motion seeking postsentencing plea

withdrawal. Christensen argues that he did not know the sentencing judge would not be bound by the plea agreement, and that the circuit court's finding to the contrary was clearly erroneous. We reject Christensen's arguments and affirm.

## BACKGROUND

¶2      Christensen was charged with five counts of sexual assault of an inmate by correctional staff. The incidents involved Christensen touching the breasts of five female inmates and having finger or penis intercourse with them while he was employed as a jailer. Christensen entered into a plea agreement whereby he agreed to plead guilty to all five counts in exchange for a joint recommendation of eight-and-one-half years' initial confinement. The plea agreement further included a joint recommendation for preparation of a presentence investigation (PSI) with directions that the authoring probation agent would not make a sentencing recommendation, and also that the State would recommend Christensen be released on bond prior to the sentencing hearing.

¶3      At the plea hearing, the circuit court failed to advise Christensen that the sentencing judge was not bound by the plea agreement. However, the court advised Christensen of the maximum penalties for each offense, and it performed all of its other mandated duties during the plea colloquy aside from this omission. The court accepted Christensen's pleas and found him guilty. The court then revoked bail and remanded Christensen to the sheriff's custody until sentencing.

¶4      At the sentencing hearing, Christensen implored the circuit court to accept the plea agreement, stating, "I pray that you will accept this plea so that I can see my daughter graduate from high school." The court expressed its concern, however, that "eight-and-one-half years seems, to me, to depreciate the gravity of

this behavior." The court imposed a sentence consisting of a total of thirty years' initial confinement and thirty years' extended supervision.

¶5 Christensen moved for postconviction relief, seeking to withdraw his guilty pleas. He asserted that he did not understand the circuit court was not bound by the plea agreement. At the ***Bangert*** hearing,[1] the court heard testimony from Christensen and his trial attorney, Aaron Nelson. The court found Christensen had understood at the time of the plea that the sentencing judge was not bound by the plea agreement, and that his guilty pleas were knowing, intelligent and voluntary. Christensen now appeals.

## DISCUSSION

¶6 The defendant carries a heavy burden when moving to withdraw a plea after sentencing, and he or she must establish a manifest error by clear and convincing evidence. ***State v. Cain***, 2012 WI 68, ¶25, 342 Wis. 2d 1, 816 N.W.2d 177. Whether a plea is knowing, intelligent, and voluntary is a question of constitutional fact. ***State v. Brown***, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906. We accept the circuit court's findings of fact unless they are clearly erroneous, but we determine independently whether those facts demonstrate that the plea was knowingly, intelligently and voluntarily entered. ***Id.*** The highly "deferential, clearly erroneous" standard also applies to credibility determinations. ***State v. Jenkins***, 2007 WI 96, ¶33, 303 Wis. 2d 157, 736 N.W.2d 24.

¶7 At the ***Bangert*** hearing, Christensen testified that he had worked as a correctional officer for twenty-eight years. As part of his duties, he would

_____

[1] ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

3

accompany inmates to court and secure them in the courtroom while the judge conducted a plea colloquy. Christensen admitted that during these plea colloquies, he had heard the judges inform the defendants that "they were not bound by any plea agreement that was recommended to them by the parties."

¶8 Christensen also acknowledged that attorney Nelson had read to him the entire plea questionnaire and waiver of rights agreement, including the section that reads, "I understand that the judge is not bound by any plea agreement or recommendations and may impose the maximum penalty." Christensen was asked whether Nelson had explained to him, "you don't negotiate a sentence. That's not negotiable. That's something a judge in Wisconsin decides." Christensen testified, "Something along that line, yes, sir." Nevertheless, Christensen testified that when Nelson discussed the form with him, Christensen's wife was in the room and he was focused on her. He further testified that he was nervous and scared, and he should therefore be permitted to withdraw his pleas.

¶9 As mentioned, the plea agreement requested a PSI with no recommendation from the authoring probation agent as to sentencing. Christensen admitted that due to his extensive background in corrections, he knew the purpose of a PSI was to "give the judge background on a person" to assist in sentencing. The State pressed him on the issue, and the following exchange occurred:

> Q: [Y]ou're hoping that all those seemingly good things about you that we just talked about would help persuade the judge to go along with the plea agreement, is that right?
>
> A: Yes, sir.
>
> Q: All right. The judge doesn't need to be persuaded to go along with the plea agreement if he's bound by our agreement, does he?
>
> A: Correct.

Q: And you knew going into this … plea that a presentence investigation was going to be ordered, is that right?

A: Yes.

Q: And all that was for the purpose of hoping that [the circuit court] would go along with the plea agreement, right?

A: Yes.

¶10    In addition, Christensen made the following statement at his sentencing hearing: "A large portion of my life is now in your hands, Your Honor.  I'm at the mercy of your Court.  I pray that you will accept this plea so that I can see my daughter graduate from high school."  At the postconviction hearing, Christensen attempted to explain away his statement that a "large portion of my life is now in your hands," by claiming that "eight-and-a-half years is a substantial part of my life."  He did not explain, however, why he would have needed to beg the circuit court for mercy—nor why he would have to "pray that you will accept this plea"—if he had actually believed that the judge was required to accept the joint sentencing recommendation set forth in the plea agreement.

¶11    Christensen also signed and dated the "Defendant's Statement" on the plea form, which stated as follows:

> Defendant's Statement
>
> I have reviewed and understand this entire document and any attachments.  I have reviewed it with my attorney (if represented).  I have answered all questions truthfully and either I or my attorney have checked the boxes.  I am asking the court to accept my plea and find me guilty.

¶12    Attorney Nelson also wrote on the plea agreement, "At sentencing both parties will recommend 8 ½ years of initial confinement in prison + lots of

5

ES – No argument about ES time by defense." Christensen testified at the hearing as follows:

> Q: And you understood from Mr. Nelson that we were jointly recommending eight-and-a-half years in prison, right?
>
> A: Correct.
>
> Q: All right. … [I]t's called a recommendation, right?
>
> A: Yes, sir.
>
> Q: Is there anything about the word recommendation that you didn't understand?
>
> A: No, sir.

¶13 Attorney Nelson testified at the ***Bangert*** hearing that his usual practice was to review plea questionnaires with his clients, and that he check marked the paragraphs and sentences as he read and discussed them with his clients. On Christensen's plea form, Nelson had marked an "X" in front of the sentence, "I understand that the judge is not bound by any plea agreement or recommendations and may impose the maximum penalty." On the line below that sentence, Nelson had also written in bold letters the maximum penalty, "5 X 40 years and $100,000.00." Nelson testified that he would wait until he received an affirmative response from his client before marking an "X."

¶14 The "Attorney's Statement" on the plea agreement stated: "I am the attorney for the defendant. I have discussed this document and any attachments with the defendant. I believe the defendant understands it and the plea agreement. The defendant is making this plea freely, voluntarily, and intelligently. I saw the defendant sign and date this document." Attorney Nelson stated that while he had no "particular memory" of his plea discussions with Christensen, he "wouldn't

have signed the attorney's statement and dated it if [he] believed that the defendant didn't understand the entire document." These statements are significant because a lawyer's description of his or her normal practice allows a state court to conclude that he or she acted in accord with that practice. *See Williams v. Lemmon*, 557 F.3d 534, 540 (7th Cir. 2009) (per curiam).

¶15 The circuit court considered all the evidence and was persuaded by the evidence put forth by the State. Quite simply, the court found Christensen's assertion incredible that he did not know the court was not bound by the plea agreement's joint sentencing recommendation. The court found, as a matter of fact, that Christensen knew the sentencing judge was not bound by the plea agreement. This factual finding was not against the great weight and clear preponderance of the evidence, and so it was not clearly erroneous. *See State v. Wiskerchen*, 2019 WI 1, ¶17, 385 Wis. 2d 120, 921 N.W.2d 730. Christensen's guilty pleas were therefore entered knowingly, intelligently, and voluntarily. The court properly denied his motion to withdraw them.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).