COURT OF APPEALS
DECISION
DATED AND FILED

April 22, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP489-CR**

Cir. Ct. No. 2022CF422

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JACQUELYN R. HARRIS,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed.*

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jacquelyn R. Harris appeals from a judgment of conviction and an order of the circuit court denying her postconviction motion.

Harris asserts the court erred when it denied her postconviction motion without holding an evidentiary hearing. Based upon our review of the briefs and Record and for the following reasons, we affirm.

¶2 In late 2022, the State charged Harris with theft in a business setting contrary to WIS. STAT. § 943.20(1)(b) (2023-24).[1] According to the Complaint, Harris wrote several fraudulent checks exceeding $37,000 in total during her employment as the office manager for Kaliber Collision Repair in Port Washington. The officer manager that succeeded Harris, as well as Kaliber's owner, also discovered Harris made several purchases with the company credit card without consent. Following a thorough plea colloquy, Harris pled no contest, and the circuit court found her guilty of theft. The court sentenced Harris to five years of initial confinement and three years of extended supervision, and as a condition of extended supervision, it also ordered her to pay restitution in the amount of $31,086 to Kaliber and $25,000 to Erie Insurance Company for an insurance claim made.

¶3 Harris filed a postconviction motion asserting she did not enter her plea knowingly, intelligently, and voluntarily. She argued trial counsel failed to inform her of the rights she waived by pleading no contest, including her rights to testify, to call defense witnesses and to confront the State's witnesses, and against self-incrimination. According to Harris, had she understood these rights, she would have gone to trial and called a witness to testify on her behalf regarding the validity of at least some of the checks at issue. Harris's motion also asserted— seemingly as a justification for informing the circuit court at the plea hearing that

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

she understood the rights she was waiving despite now claiming she actually did not—that the reason she did not proceed to trial was because she could not afford to keep paying her counsel and that counsel had not informed her of the possibility that the State Public Defenders Office (SPD) could potentially compensate trial counsel under WIS. ADMIN CODE § PD 2.07 (Nov. 2024)[2] if she was unable to afford counsel's services.

¶4 The postconviction court entered a written order denying Harris's motion without a hearing, concluding counsel did not perform deficiently and that Harris acknowledged and affirmatively waived her rights during the plea colloquy as well as through her completion of the plea questionnaire. The court also concluded that Harris, in her brief, had "expresse[d] the real reason she didn't go to trial" was because "she allegedly was unable to afford to have trial counsel represent her at trial; not that trial counsel was deficient in 'not advising her.'" Harris appeals.

¶5 "When a defendant moves to withdraw a plea after sentencing, the defendant 'carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a manifest injustice.'" *State v. Cain*, 2012 WI 68, ¶25, 342 Wis. 2d 1, 816 N.W.2d 177 (citation omitted). Ineffective assistance of counsel is one type of manifest injustice. *Id.*, ¶26. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both that counsel's representation was deficient and that she suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

---

[2] All references to WIS. ADMIN. CODE § PD are to the November 2024 Register.

¶6 "A motion claiming ineffective assistance of counsel does not automatically trigger a right to a *Machner*[3] testimonial hearing[.]" *State v. Phillips*, 2009 WI App 179, ¶17, 322 Wis. 2d 576, 778 N.W.2d 157. Where a circuit court denies a postconviction motion without holding a *Machner* hearing, we review the following issues de novo: (1) "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief"; and (2) "whether the record conclusively demonstrates that the defendant is not entitled to relief." *State v. Jackson*, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608. If the "motion alleges sufficient and non-conclusory facts which would entitle the defendant to relief *and* the record does not conclusively establish otherwise," the court has no discretion and must hold a *Machner* hearing. *Jackson*, 405 Wis. 2d 458, ¶8 (emphasis added). However, if "the defendant fails to allege sufficient facts in his or her motion, if the defendant presents only conclusory allegations or subjective opinions, or if the record conclusively demonstrates that he or she is not entitled to relief[,]" the court has discretion as to whether or not to hold an evidentiary hearing. *Phillips*, 322 Wis. 2d 576, ¶17; *Jackson*, 405 Wis. 2d 458, ¶8. We will reverse a discretionary decision only if the circuit court erroneously exercised its discretion. *Phillips*, 322 Wis. 2d 576, ¶17.

¶7 We must determine whether the circuit court erred when it denied Harris's postconviction motion without holding a *Machner* hearing. Harris contends she sufficiently alleged trial counsel provided ineffective assistance and points to her assertions that she did not understand the rights she was waving

---

[3] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

because "the first and only time she was informed of the rights she waived if she pled no contest was when trial counsel provided the plea questionnaire to her five to ten minutes before the plea hearing" and because "counsel did not review the form or explain the substance of the trial rights [she] waived by pleading no contest." We disagree.

¶8     Contrary to Harris's assertions, the Record conclusively demonstrates she is not entitled to relief, and the circuit court therefore did not err when it denied her postconviction motion without holding a ***Machner*** hearing. At the plea hearing, the court conducted a thorough plea colloquy in which Harris affirmatively waived her trial rights. When the court asked Harris if she and her attorney discussed the rights she was giving up by entering a no-contest plea and whether she understood them, Harris confirmed they had discussed them and she understood them. Harris also agreed she signed the plea questionnaire after having discussed it with counsel, and when asked if she had checked the box by each of those rights after having gone "through those rights with [her] attorney, discussed them, and understood them[,]" she responded affirmatively. Harris then denied having any questions about these rights, and she again confirmed she was entering her plea voluntarily and "had enough time to discuss" not only her "decision to enter the no contest plea with [her] attorney" but also "the case as a whole and possible defenses[.]" It is clear from our review of the Record that Harris had multiple opportunities to inform the court if she did not understand the rights she was waiving or if she had any questions, but at no point did she avail herself of the opportunity to do so.

¶9     Harris's assertion that trial counsel provided her with the plea questionnaire only "five to ten minutes before the plea hearing" is likewise insufficient to establish she received ineffective assistance of counsel or that the

postconviction court erred in denying her motion without a hearing as she has failed to explain why this was not enough time to review the questionnaire or discuss its contents with counsel. For example, Harris did not allege the form was too long or complicated to read in that timeframe or that counsel declined to discuss the meaning of the form or any questions she may have had (and she does not allege she had any). And, despite her current suggestion that she did not have sufficient time to discuss these rights with trial counsel prior to entering the plea, when the court asked her directly at the plea hearing whether she "had enough time to discuss [her] decision to enter the no contest plea … as well as the case as a whole and possible defenses" with her attorney, she responded, "I have, Your Honor."

¶10 Despite having confirmed multiple times at the plea hearing that she understood the rights being waived, that she had discussed those rights with her trial counsel, and that she did not have any questions about those rights, Harris effectively attempts to establish an ineffective assistance of counsel claim in her postconviction motion by asserting, at least implicitly, that her responses to the circuit court's questions were untruthful and that she lied to the court "because she could not afford to pay her retained counsel to represent her if the case went to trial and therefore did not think it mattered whether she understood her trial rights." She also says trial counsel was aware she could not afford to continue paying him and that counsel did not advise her she may have been able to procure

public payment for counsel via WIS. ADMIN. CODE § PD 2.07.[4] Whether she could afford to continue paying trial counsel or not, however, has no bearing on whether trial counsel failed to inform her of the rights she waived by entering her plea. As the Record shows, Harris repeatedly informed the court she understood the rights she was waiving and that she had discussed those rights with counsel. We are therefore satisfied the Record conclusively establishes she is not entitled to relief, and the postconviction court therefore did not err in denying her motion without holding a *Machner* hearing.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Harris seems to assert, in conclusory fashion, that "she could not afford to proceed to trial" and that retained counsel would have been compensated at public expense if only counsel had informed her of that possibility. This proposition, however, ignores that public compensation of privately retained counsel under WIS. ADMIN. CODE § PD 2.07 is not automatic and that several statutory criteria must first be satisfied. In any event, whether she was even eligible for public payment for counsel under this provision has no bearing on whether trial counsel failed to sufficiently advise her in regard to the rights being waived by entering a plea.